UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY P. LANE,** | ) | CASE NO. 1:15 CV 149 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| **UNITED STATES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Anthony P. Lane has filed this civil rights action under 42 U.S.C. §1983 against twenty-three Defendants, including President Obama and First Lady Michelle Obama and numerous other federal and state public officials, agencies, and courts, as well as private individuals, corporations and organizations. In addition to his Complaint, the Plaintiff has filed a number of motions in the case: to proceed *in forma pauperis* (Doc. No. 2); for "Appointment of Special Counsel" (Doc. No. 3); to amend his Civil Cover Sheet (Doc No. 4); for "Recusal [of] Presiding Judge" (Doc. No. 7); for a "Three Judge Panel" (Doc. No. 9); for "Temporary Restraining Order and Preliminary Injunction" (Doc. No. 10); and an "Amended Motion for Preliminary Injunction and Preliminary Injunctions" (Doc. No. 11).

The Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, his Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the lenient treatment generally accorded to *pro se* litigants has limits," and a *pro se* plaintiff is not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Rather, a district court is required to dismiss an *in forma pauperis* action "at any time" under 28 U.S.C. § 1915(e)(2)(B) if the Court determines the complaint is frivolous or malicious or fails to state a claim on which relief can be granted.

A complaint is frivolous and warrants dismissal when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A complaint has no arguable basis in fact when its allegations are clearly baseless or it describes a "fantastic or delusional" scenario. *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28); *Abner v. SBC (Ameritech)*, 89 Fed. App'x 958 (6th Cir. 2004). A complaint has no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when "it is clear that the defendants are immune from suit," or when claims are premised on infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327–28.

A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). Further, Fed. R. Civ. P. 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this minimum pleading rule is to ensure that the defendants are given "fair notice of what the [plaintiff's] claim is and the grounds upon which it rests" so that they may prepare an adequate response. *Erickson*, 551 U.S. at 93. The Sixth Circuit has held that *pro se* complaints

must satisfy the basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Plaintiff's Complaint utterly fails to comply with basic pleading requirements and is legally and factually frivolous. The Plaintiff's four-page Complaint does not forth *any* intelligible allegations, much less allegations that could be said to give the Defendants fair notice of a valid claim against them. Rather, the Plaintiff's Complaint consists entirely of a totally incomprehensible and implausible amalgam of legal terms and assertions that are not connected in any way to any alleged facts. Simply, the Complaint fails to set forth a short and plain statement of the Plaintiff's claims and does not allege any discernible wrongful conduct by the Defendants. The Court cannot discern any plausible legal claim against any Defendant on the basis of the Complaint or the 83 pages of undefined and unexplained exhibits the Plaintiff filed with the Complaint. At best, the Plaintiff's Complaint describes a scenario that is "fantastic or delusional." The Complaint fails to state any plausible legal claim and is frivolous.

### Conclusion

Accordingly, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, all remaining pending motions of the Plaintiff are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
UNITED STATES DISTRICT JUDGE

DATED: June 11, 2015